In the Matter of PAUL C. BUTLER (Admitted as PAUL CLAUDE BUTLER), an Attorney.

First Department, October 10, 1991

### APPEARANCES OF COUNSEL

*Richard M. Maltz* of counsel *(Hal R. Lieberman,* attorney), for Departmental Disciplinary Committee for the First Judicial Department.

*Agins, Dolgin, Siegel & Bernstein* for Paul C. Butler.

### OPINION OF THE COURT

Per Curiam.

Respondent Paul C. Butler was admitted to the practice of law in the State of New York by the First Judicial Department on September 15, 1980. At all times relevant to the proceeding, he owned, managed and served as president of Amber Mortgage Consultants Corp. (Amber), operating out of the Bronx, within the First Judicial Department.

Respondent was charged in an information filed in the

United States District Court, Southern District of New York, with transporting, in interstate commerce, securities and money valued at over $5,000, knowing that such property had been taken by fraud, in violation of 18 USC § 2314. The information alleged Amber had brokered mortgages for and borrowed funds from investors; had promised that the funds contributed would be invested in mortgages and that investors would receive monthly returns at an annualized rate of 16% to 18%; that, unable to pay existing investors such returns out of income generated by the mortgages it owned, Amber raised approximately $539,000 in new investments, promising to purchase mortgages with these funds, and instead used such funds to pay monthly returns upon prior investments. It was further alleged that respondent had also misappropriated approximately $110,000 from the estate of his father, which he administered, and whose primary beneficiary was respondent's brother. On July 26, 1990, respondent pleaded guilty to said charge, a felony under Federal law. Respondent was sentenced on January 11, 1991 to a term of two months' incarceration, to be followed by three years of supervised release. The Federal sentencing court imposed additional conditions upon respondent's supervised release, including, *inter alia,* that respondent make restitution; that he be prohibited from incurring new credit charges or opening new lines of credit without the approval of the probation office unless the restitution had been paid in full; that he provide the probation office with access to any requested financial information; and that he submit to drug testing at the discretion of the probation office.

By affidavit sworn June 6, 1991, respondent seeks permission to resign from the practice of law. Attaching the Federal court order directing restitution of approximately $650,000 to 26 individuals and his father's estate, respondent acknowledges the order accurately sets forth those whom he defrauded and the sums actually taken. He further states he could not defend himself on the merits against charges of fraud, if brought by the Departmental Disciplinary Committee pursuant to a currently pending investigation of allegations against him. The resignation is asserted to be freely and voluntarily tendered, without respondent being subjected to coercion or duress, and with respondent being fully aware of its implications. He requests that the resignation be deemed filed as of January 11, 1991, the date the Federal sentence was imposed. After due consideration, the Disciplinary Committee, by affir-

mation of counsel dated July 1, 1991, recommends that the resignation be accepted and that respondent be removed from the roll of attorneys.

It being clear that the resignation submission comports with 22 NYCRR 603.11, the resignation should be accepted and respondent's name stricken from the roll of attorneys and counselors-at-law, effective immediately *(Matter of Meyers,* 164 AD2d 268). We find no basis to permit the resignation to have retroactive effect to a point predating respondent's own voluntary tender thereof. Even as to the more limited period of time after such tender, the regulatory scheme contemplates that the Disciplinary Committee will consider its recommendation and that this court will exercise its discretion in the disposition of the resignation submissions (22 NYCRR 603.11 [b], [c]). Thus, we perceive no reason why our disposition should be given any retroactive effect at all.

Accordingly, respondent's resignation is accepted and filed, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MILONAS, J. P., ROSENBERGER, ELLERIN, KASSAL and SMITH, JJ., concur.

Respondent's resignation is accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective October 10, 1991.